Williams, J.
The assessments are claimed to be invalid, because they are forbidden by section 2380, of the'Revised Statutes, Avhich provides that: “The assessment shall not exceed the sum that would, in the opinion of the council, be required to construct an ordinary street sewer, or drain, of sufficient capacity to drain or seAver such lots or lands; nor shall any lots or lands be assessed that do not need local drain.age, or which are then provided thereAvith; and the excess of the costs over the assessment herein authorized, shall be paid out of the sewer fund of the corporation; or in cities of the third grade of the first class, if the council so determine, may be assessed, in addition to pther taxes now authorized by laAV, on all the real property in the sewer district in which said sewer is or may be constructed according to benefits, * * * .” It is the contention of the plaintiffs, that the facts found show that their lands were already provided with all necessary drainage when the sewer Avas constructed, and therefore did not need that which the sewer was designed to supply; and that, the sewer furnished no drainage in addition to that with which the lands were already provided, and consequently they were in no way benefited thereby. That the section referred to is applicable to main sewers, is apparent from the context. The preceding section, (2379) re *97 quires that, “the council shall provide for assessing the costs and expenses of constructing main sewers, upon the lots and lands bounding or abutting upon the streets, lands, alleys, highways, market spaces, public landings, and commons, in or along which the same shall pass, by the feet front, or according to the valuation of the same on the tax list, or according to benefits, as it shall determine.” The limitations' on the assessments authorized by that section, are prescribed in section 2380. Provision is then made for assessments for local sewerage by section 2381.
Nor do any of the subsequent provisions of section 2380 remove, or affect, the exemptions authorized by that section, nor prescribe any different rule, or mode, or power of assessment for a main sewer in cities of the third grade of the first class, except in regard to the excess over the assessment authorized by the preceding clause of the section. In such cities, the council is authorized to levy such excess on all the real property of the sewer district according to benefits; but that is the extent to which power is given such city different from that which governs other municipalities in levying assessments for main sewers; We do not concur in that part of the opinion of the circuit court which seems to hold differently.
Only those lots and lands, however, embraced within the bounds which may be assessed for a main sewer, are exempt from such assessment under section 2380, that, in the language of the section, “do not need local drainage, or which are then provided therewith.” When it is determined what constitutes local drainage, within the meaning of the statute, it becomes, in each case, a qxiestion of fact whether the lots or *98 lands involved need, or are provided with, drainage of that kind. It was held in Wewell v. Cincinnati, 45 Ohio St., 407, that, in order to give application to the exemption of the statute, it was not necessary the local drainage should be provided by municipal authority. If for any reason it exists, and is adequate, the statute applies. In that case a large sewer emptying into the river, ample for all local sewage of lands entitled to connect with it, had been constructed without municipal action, and that whs held sufficient to exempt the lands so entitled to connect, from assessments for another sewer constructed by the city. The question here, however, is somewhat different. It is whether present sufficient surface drainage constitutes local drainage within the purview of the statute; or must it be such as provides the land with adequate drainage for the necessary and usual purposes of sewerage? We think it must be of the latter character to work an exemption of the land from assessment. There is no direct finding that the lands of the plaintiffs in error were provided with drainage of that kind, nor that they did not need such drainage. Certain probative facts are found which tend to establish the ultimate fact, but in our opinion they fall short of that result. As we interpret them they show that the lands were supplied with sufficient natural or surface drainage and did not need immediate house or local drainage to dispose of sewage originating on the lands, but that they would be benefited as other lands in the sewer district by having the sewage carried away, in addition to the local benefit when the lands are built upon. To authorize an assessment for sewer purposes, it is not necessary that the property should have immediate need for the use of the sewer. If so, vacant lots on im *99 proved streets, adjacent to buildings would be exempt. And, the length of time the ground may probably remain vacant, only goes to the urgency of the need and the measure of the benefit. But, that vacant ground may and generally does receive a present special appreciable benefit from the construction of a sewer, on account of its proximity and accessibility cor all sewerage purposes, is known to everyone conversant with the subject. The drainage of sewage into an open ravine in a city would be inimical to the public health, and can hardly be considered such local drainage as the statute contemplates. On account of the situation and condition of the lands of the plaintiffs in error this seems like an extreme case for assessment; but it purports to have been levied according to local and special benefits, and the presumption is that the committee acted upon sufficient information, and according to law. The burden is upon the plaintiffs in error to show that their lands did not need local drainage, or were provided therewith, to entitle them to claim exemption from the assessment. The findings of the circuit court do not so show, in our opinion. The judgment of a lower court should not be reversed, unless the error is manifest, and it is entitled to that construction of its record which is most favorable to the judgment.

Judgment affirmed.

Shauck, C. J., Burket and Spear, JJ., concur.
Minshall and Davis, JJ., dissent.